UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN ESTEVES,

       Petitioner,

v.                                                    CASE NO. 6:05-cv-128-Orl-18DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

       Respondents.

---

## ORDER

     Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a timely reply to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8).  Petitioner then filed a reply (Doc. No. 13).

     Petitioner alleges essentially three claims for relief in his habeas petition:  first, that he received ineffective assistance of trial counsel; second, that he was improperly classified as a habitual offender for sentencing purposes; and third, that the trial court erred when it set aside his original plea.

### Procedural History

     Petitioner was charged by information with one count of robbery and one count of

of fleeing or attempting to elude a law enforcement officer with siren and lights activated.

Petitioner subsequently entered into a plea agreement in which, among other matters, he

agreed to enter pleas of nolo contendere to the charges. The trial court held a hearing on

the pleas and ultimately accepted them. The trial court then adjudicated Petitioner guilty

of the crimes and sentenced him to imprisonment for a term of ten years as to each count,

with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida

Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court,

which was denied. Petitioner appealed the denial, and the state appellate court affirmed

the denial *per curiam*. Petitioner attempted to obtain further review in the Supreme Court

of Florida by filing a petition for writ of mandamus, which was denied.

Petitioner then filed a petition for writ of habeas corpus with the state appellate

court, which was denied. Petitioner attempted to obtain further review in the Supreme

Court of Florida by filing a petition for writ of mandamus, which was denied.

*Claim One*

Petitioner avers that he received ineffective assistance of trial counsel because of the

following: 1) counsel failed to adequately investigate his case; and 2) counsel conceded

Petitioner's guilt without Petitioner's consent and labored under a conflict of interest.

Issue one was raised in Petitioner's motion for postconviction relief, and it was

denied. However, on the appeal of the denial of the motion, Petitioner "conceded" this

issue. The failure to appeal this issue results in a procedural default of the issue. *E.g.,*

*Hankins v. Delo*, 977 F.2d 396 (8th Cir. 1992) (the petitioner, who had his postconviction motion denied by the state trial court after an evidentiary hearing, was barred from raising issues in his federal habeas petition which were not asserted on the appeal from the denial of his postconviction motion); *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.) (the petitioner waived ineffective assistance of counsel claim, even though it was raised in postconviction motion, because he failed to appeal the denial of postconviction motion), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings); *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial).

Issue two was not raised with the state courts.[1] The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Issue two is procedurally barred because it was

---

[1] Petitioner argued on direct appeal that the trial court erred when it denied his motion to discharge his court-appointed counsel; however, Petitioner did not argue in the state courts that he received ineffective assistance of counsel because counsel "conceded" his guilt.

[2] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[3] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991)

not raised with the state courts.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, these issues are procedurally barred.

3.      *Alternatively, These Issues Are Without Merit*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell

---

("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[4]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

As to issue one, Petitioner has not shown specifically how counsel's investigation was inadequate. The party must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information that an investigation would have revealed. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Likewise, as to issue two, Petitioner's allegations are too vague and conclusory to support a finding that counsel acted unreasonably. Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

The Court finds that, with regard to issues one and two, Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice.

*Claim Two*

Petitioner avers that 1) there was insufficient evidence to support the robbery conviction, and 2) he was improperly classified as a habitual offender for sentencing

purposes.

Issue one is procedurally barred because it was not raised with the state courts. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.

Issue two is denied because this Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied*, 434 U.S. 1020 (1978). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since this claim is based exclusively on state law issues that are merely

6

"couched in terms of equal protection and due process," it must be denied. *Willeford*, 538 F.2d at 1198.

*Claim Three*

Petitioner argues that the trial court erred when it set aside his original plea. According to Petitioner, the State offered him "a plea of seven (7) years, which the trial court accepted and deferred sentencing for a later date . . . . [However], Petitioner failed to appear to the scheduled sentencing . . . [and the] trial judge set aside Petitioner's [original plea] . . . ."

Petitioner simply has failed to show that he is entitled to relief with regard to this claim. Petitioner appears to argue that the trial judge's actions were vindictive; however, Petitioner relies on vague and conclusory allegations, and offers no evidence of actual vindictiveness. *See Payne v. Cockrell*, No. CIV.A. 4:00-CV-1811-Y, 2001 WL 1343433, at *4 (N.D. Tex. October 30, 2001) (finding that the petitioner's conclusory allegation of judicial vindictiveness was insufficient to warrant federal habeas corpus relief). Therefore, this claim must be denied.[5]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.       The Petition for Writ of Habeas Corpus filed by Benjamin Esteves is **DENIED**,

---

[5]To the extent that this claim involves a sentencing matter, it must be denied for the reasons set forth in the discussion of claim two. *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988).

and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.    The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 29 day of November, 2005.

G. KENDALL SHARP
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 11/28
Counsel of Record
Benjamin Esteves

8